# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 494 C.D. 2023 |
| | : | |
| $115,013.00 Cash, U.S. Currency, | : | |
| 2011 Infiniti G 35 | : | |
| Vin#JN1DV6AP1BM60080, | : | |
| $6,061.09 U.S. Currency, | : | |
| BB&T Bank, Silver & Diamond | : | |
| Breitling Watch, Black/Silver/Diamond | : | |
| Bulova Watch | : | |
| | : | |
| Appeal of: Terry Dion Malone | : | Submitted: July 5, 2024 |

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
         HONORABLE CHRISTINE FIZZANO CANNON, Judge
         HONORABLE MATTHEW S. WOLF, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                                     FILED:  June 27, 2025

Terry Dion Malone, an inmate at a Pennsylvania state correctional institution, appeals *pro se* an order entered August 7, 2023, by the Court of Common Pleas of Berks County (trial court). The trial court's order memorialized determinations set forth on the record at a December 19, 2022 pretrial hearing, wherein the trial court denied Malone's arguments that the statute commonly known as the Controlled Substances Forfeiture Act (or Act), 42 Pa.C.S. §§ 5801-5808, is unconstitutional as applied to him under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and article I, sections 1

and 2 of the Pennsylvania Constitution.[1]  U.S. Const. amends. I, IV, V, VIII, XIV; Pa. Const. art. I, §§ 1, 2.  Because the trial court's order is not a final order and does not qualify for immediate appellate review as a collateral order under Pa.R.A.P. 313, we quash Malone's appeal for want of jurisdiction.

On June 25, 2019, the Commonwealth filed a Petition for Forfeiture of Property Pursuant to the Controlled Substances Forfeiture Act (Forfeiture Petition) seeking to forfeit (1) $115,013.00 cash, (2) a 2011 Infiniti G35, (3) $6,061.09 in currency held at BB&T Bank, (4) a silver diamond Breitling watch, and (5) a black/silver/diamond Bulova watch (collectively, the Property).  Original Record (O.R.) at 447-49.  The Forfeiture Petition alleged that the Property was believed to be owned by Malone and was seized either in close proximity to illegally possessed controlled substances during the course of a large-scale drug investigation or believed to be derived from proceeds of the sale of said substances.  *Id.* at 447-48.[2]

Malone responded to the Forfeiture Petition by filing a Motion for Return of Property/Cause and an Amended Motion for Return of Property (collectively, Return Motion).  *Id.* at 429-33, 437-42.  Therein, Malone argued that none of the Property identified in the Forfeiture Petition was used in the commission of any criminal offenses and is therefore not forfeitable under the Act.  Thus, he argued that forfeiture of the Property would violate his rights under the Eighth Amendment's excessive fines clause.  The Return Motion also moved to exclude certain Property from the Forfeiture Petition, arguing it was discovered during an

---

[1] On July 7, 2023, this Court directed the trial court to "prepare, sign, and enter an appropriate order" evidencing its December 19, 2022 determination and transmit a supplemental original record to this Court.  *See* Cmwlth. Ct. Order, July 7, 2023 (citing Pa.R.A.P. 108, 301(a), (d)).  We treat Malone's notice of appeal as timely from the entry of the trial court's August 7, 2023 order.

[2] The details surrounding the drug investigation and Malone's subsequent convictions are set forth at *Commonwealth v. Malone* (Pa. Super., No. 1491 MDA 2019, filed December 14, 2020), 2020 WL 7337713.

2

illegal search in violation of the Fourth Amendment to the United States Constitution. Malone asked the trial court to dismiss the Commonwealth's Forfeiture Petition, return the Property to him, and, if necessary, hold a hearing.

On March 9, 2020, Malone filed a Motion to Dismiss/Return of Property (Motion to Dismiss) raising additional constitutional claims in response to the Forfeiture Petition under the First, Fifth, and Fourteenth Amendments to the United States Constitution, and article I, sections 1 and 2 of Pennsylvania's Constitution. O.R. at 396-408. Malone asked the trial court to declare the Controlled Substances Forfeiture Act unconstitutional as applied to him, deny the Commonwealth's Forfeiture Petition, order the return of the Property, and, if necessary, hold a hearing.

The trial court held a hearing on December 19, 2022. At the hearing, the trial court noted that Malone had requested a jury trial on the Forfeiture Petition and the Commonwealth agreed that he was entitled to one.[3] O.R. at 5-6. The parties asked the trial court to hear legal arguments on the constitutional claims Malone raised in his Return Petition and Motion to Dismiss in advance of the jury trial. *Id.* at 6. The trial court agreed, and Malone made his constitutional challenges on the record. In essence, Malone challenged the Act's burden-shifting scheme, asserting that if the Commonwealth establishes the Property is subject to forfeiture, he will have to forego his constitutional rights to show that the Property is his and was obtained through legal means. *See* 42 Pa.C.S. § 5805(j) (burden shift). He argued that having to display anything in reference to how he obtained the Property would violate his constitutional "right to remain silent and private," as guaranteed by

---

[3] In *Commonwealth v. One 1984 Z-28 Camaro Coupe*, 610 A.2d 36 (Pa. 1992), the Pennsylvania Supreme Court held that a property owner is entitled to a jury trial in a forfeiture action pursuant to article I, section 6 of the Pennsylvania Constitution, Pa. Const. art. I, § 6.

3

various provisions of the United States and Pennsylvania Constitutions. O.R. at 15, 28-35. Separately, Malone set forth various arguments about why the Commonwealth will be unable to prove that the Property is subject to forfeiture, maintaining none of it constitutes the instrumentality of a crime. *Id.* at 20-26. Malone additionally raised a Fourth Amendment challenge, asserting that the Property was discovered during an illegal search. Out of an abundance of caution, the Commonwealth entered several search warrants and affidavits of probable cause into evidence and offered the testimony of Sergeant Matt Niebel who was involved in the drug investigation that discovered the Property at issue. O.R. at 54-95. At the close of the hearing, the trial court denied each of Malone's constitutional challenges and scheduled the civil jury trial for July 15, 2024. O.R. at 93-101.

At Malone's request, the trial court memorialized its determinations from the December 19th hearing in an order entered August 7, 2023.[4] Malone appealed the trial court's order to this Court.[5] The Commonwealth asserts the trial

---

[4] Only Malone's constitutional claims were denied by the trial court's order. His Return Petition and Motion to Dismiss, to the extent they request the return of Property, remain pending. Pursuant to the Act, forfeiture petitions and return petitions are litigated together. *See* 42 Pa.C.S. § 5806(a)(5) ("If a forfeiture petition was filed by the Commonwealth before the filing of a motion for return of property, the motion shall be assigned to the same judge for disposition, as practicable.").

[5] Malone raises the following four issues on appeal, which we reword slightly for clarity:

1. Whether the trial court committed reversible error in denying Malone's claim that the Controlled Substances Forfeiture Act violates the United States Constitution's First, Fourth, Fifth, and Fourteenth Amendments, and Pennsylvania's equivalent constitutional provisions.

2. Whether the trial court committed reversible error in denying Malone's claim that the Controlled Substances Forfeiture Act violates the United States and Pennsylvania Constitutions' due process clauses by using the preponderance of the evidence standard of proof to establish forfeiture.

**(Footnote continued on next page…)**

court's August 7th order is interlocutory and unappealable, and Malone's appeal must be quashed.

We address first the threshold issue of appealability. "Generally speaking, an appellate court's jurisdiction extends only to review of final orders." *Shearer v. Hafer*, 177 A.3d 850, 855 (Pa. 2018). In Pennsylvania, final orders are those which (1) dispose of all claims and all parties, (2) are explicitly defined as final orders by statute, or (3) are certified as final orders by the trial court or other reviewing body. *See* Pa.R.A.P. 341. Only limited exceptions to the final order rule exist, and for good reason. *See Shearer*, 177 A.3d at 855-56 ("Considering issues only after a final order maintains distinctions between trial and appellate review, respects the traditional role of the trial judge, and promotes formality, completeness, and efficiency.") (citing Michael E. Harriss, *Rebutting the Roberts Court: Reinventing the Collateral Order Doctrine Through Judicial Decision-Making*, 91 WASH. U. L. REV. 721, 725 (2014)). One such exception is through the collateral order doctrine, which permits an immediate appeal from a narrow class of orders. The doctrine was adopted through Pa.R.A.P. 313, which provides, in pertinent part:

---

3. Whether the trial court committed reversible error in denying Malone's claim that the Controlled Substances Forfeiture Act violates the United States and Pennsylvania Constitutions' takings clause under the instant circumstances.

4. Whether the trial court committed reversible error in denying Malone's claim that Section 4 of [T]he Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-104(1)(vii)(2.1), violates the United States and Pennsylvania Constitutions due process clauses by being unconstitutionally vague under the circumstances?

Malone's Br. at 5-6 (unpaginated).

> **(a) General rule.** An appeal may be taken as of right from a collateral order of an administrative agency or lower court.
>
> **(b) Definition.** A collateral order is an order [1] separable from and collateral to the main cause of action where [2] the right involved is too important to be denied review and [3] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313 (numerical listing added). Where an order satisfies Rule 313(b)'s three-pronged test, an appellate court may exercise jurisdiction even though the underlying order is not final. If the test is not satisfied, and no other exception to the final order rule is present, the appellate court lacks jurisdiction to consider the appeal. *Shearer*, 177 A.3d at 857. Recently, our Supreme Court has reinforced that courts in this Commonwealth are to "construe the collateral order doctrine narrowly, and insist that each one of its three prongs be 'clearly present' before collateral appellate review is allowed." *Id.* at 858.

The Commonwealth argues the trial court's order is plainly interlocutory as both the Commonwealth's Forfeiture Petition and Malone's Return Petition remain pending. While Malone argues his constitutional claims are entitled to collateral appellate review under Pa.R.A.P. 313, he ignores the three-prong test that permits such review. Instead, he argues only the first prong, asserting that his constitutional challenges are separable from and collateral to the underlying forfeiture proceeding. The Commonwealth maintains, however, that the first prong, along with the others, are not satisfied.

On the first prong, the Commonwealth submits that the trial court's order denied Malone's various constitutional claims attacking the Forfeiture Act—the statute under which Commonwealth's action is proceeding. His claims mainly

6

challenge the Act's burden-shifting scheme, and he submits that *if* the Commonwealth succeeds in proving the Property is subject to forfeiture, he will be forced to abandon various constitutional rights in order to keep the Property. The Commonwealth maintains that Malone's challenges to the Act's structure are not separate from the underlying Forfeiture Petition but rather go to the heart of what the Commonwealth must prove in order to succeed. Importantly, Malone's constitutional challenges are prefaced upon his preferred version of the facts. At this juncture, however, such claims are premature because the trial court has not yet determined which, if any, of the Property is even forfeitable. By way of example, the Commonwealth notes that one of Malone's constitutional challenges is that the Act violates his rights under the Takings Clauses of the United States and Pennsylvania Constitutions. The Commonwealth counters Malone's constitutional challenge by arguing that no unlawful taking has occurred because it will prove that Malone has no rights in the Property, which was used to conduct sales of illicit drugs or were proceeds from those sales. The issue of what may be forfeited remains undecided (and squarely before the trial court). Thus, Malone's constitutional challenges to any potential future forfeiture are inextricable from the undeveloped, underlying proceedings.

As to the second prong, the Commonwealth explains that our Supreme Court has held, "it is not sufficient that the issue be important to the particular parties. Rather, it must involve rights deeply rooted in public policy going beyond the particular litigation at hand." Commonwealth's Br. at 14 (citing *Geniviva v. Frisk*, 725 A.2d 1209, 1214 (Pa. 1999)). The Commonwealth submits Malone has not identified any deeply rooted public policy with implications beyond the instant litigation. Thus, the second prong is also unsatisfied.

7

Third, the Commonwealth argues that Malone will suffer no irreparable harm if his appeal of the trial court's conclusions awaits a final order disposing of the Forfeiture and Return Petitions. Indeed, Malone has adequately preserved his constitutional challenges by raising them through his Return Petition and Motion to Dismiss. Therefore, Malone's claims are not lost if collateral appellate review is denied. To the contrary, they remain fully intact and may be appropriately pursued, and analyzed against the trial court's findings, once it has the opportunity to rule on the petitions pending before it.

We agree with the Commonwealth that the requisite prongs of the collateral order test are not "clearly present" here, and thus, this Court lacks jurisdiction to provide immediate appellate review of the trial court's order. *Shearer*, 177 A.3d at 858. On the first prong—separability—we note that many of Malone's arguments hinge on the trial court accepting his version of the facts, which he maintains will foreclose the Commonwealth's ability to satisfy its initial burden of proof under the Act. *See* 42 Pa.C.S. § 5805(j)(1) (providing that "[t]he burden shall be on the Commonwealth to establish in the forfeiture petition that the property is subject to forfeiture"). However, the Commonwealth has not yet had the opportunity to satisfy that burden, and what Property is subject to forfeiture remains an open question. What is more, the remainder of Malone's constitutional claims challenge what the Act requires a claimant to prove *after* the Commonwealth meets its burden. *See id.* § 5805(j)(2) (providing that if the Commonwealth meets its initial burden, the burden shifts to the claimant to show he is the owner of the property, and the property was lawfully acquired). At this juncture, this Court cannot say with certainty whether the burden will even shift to Malone, and therefore, his challenges may be hypothetical.

Recently, the Pennsylvania Supreme Court discussed the appealability of a pretrial order disposing of as-applied constitutional challenges in the context of the collateral order doctrine. *See Commonwealth v. Pownall*, 278 A.3d 885 (Pa. 2022). In *Pownall*, the Court highlighted that such a challenge "necessarily requires consideration of a defendant's particular circumstances[,]" and concluded that "[a]s-applied constitutional challenges of this nature cannot surmount the collateral order doctrine's separability prong." *Id.* at 907. We reach the same conclusion here. Malone's constitutional challenges relate directly to what the parties must prove in litigating the Forfeiture and Return Petitions under the Act and require consideration of Malone's particular circumstances. Therefore, the issues are not separate from the underlying action for purposes of the collateral order's separability prong.

On the remaining prongs, we reach the same conclusion. While Malone's constitutional rights are undeniably important, his challenges are grounded in the circumstances surrounding this case; thus, we cannot say the issues go beyond the particular litigation at hand. Finally, and perhaps most notably, Malone's claims will not be lost if immediate appellate review is denied. Indeed, he has preserved his constitutional claims, which may be more appropriately analyzed after a final order is entered disposing of the Forfeiture and Return Petitions.

Because the trial court's order does not qualify as a collateral order under Pa.R.A.P. 313(b), this Court lacks jurisdiction to conduct immediate appellate review and quashes Malone's appeal.[6]

|  | |
|---|---|
|  | MATTHEW S. WOLF, Judge |

---

[6] On May 6, 2025, Malone filed a Petition for Leave to Supplement Brief, seeking leave to address a recent amendment to Section 4 of The Controlled Substance, Drug, Device and Cosmetic Act as it relates to his fourth issue raised on appeal to this Court. *See supra* n.4. Based on our disposition, Malone's Petition for Leave to Supplement Brief is dismissed as moot.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 494 C.D. 2023 |
| | : | |
| $115,013.00 Cash, U.S. Currency, | : | |
| 2011 Infiniti G 35 | : | |
| Vin#JN1DV6AP1BM60080, | : | |
| $6,061.09 U.S. Currency, | : | |
| BB&T Bank, Silver & Diamond | : | |
| Breitling Watch, Black/Silver/Diamond | : | |
| Bulova Watch | : | |
| | : | |
| Appeal of: Terry Dion Malone | : | |

# **O R D E R**

AND NOW, this 27th day of June 2025, Terry Dion Malone's appeal of the August 7, 2023 order of the Court of Common Pleas of Berks County is QUASHED.

Malone's Petition for Leave to Supplement Brief is DISMISSED as MOOT.

_____
MATTHEW S. WOLF, Judge